## * * § 362 INFORMATION SHEET * *

JILL WHITTLE_____          Case No: 10-30897-BAM          MOTION #:____
DEBTOR

APPLE BLOSSOM ARBITRAGE, LLC          CHAPTER: 13
MOVANT

---

**_Certification of Attempt to Resolve the Matter Without Court Action:_**

*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(3), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*

*Date: 12/02/2010_____          Signature: /S/ Edgar C. Smith_____*
*Attorney for Movant*

---

PROPERTY INVOLVED IN THIS MOTION: 646 Paloma Drive, Boulder City, Nevada 89005_____

NOTICE SERVED ON:  Debtors____X_____; Debtors' Counsel___X_____; Trustee____X____;

DATE OF SERVICE: 12/2/2010_____

---

MOVING PARTY'S CONTENTIONS:
The EXTENT and PRIORITY of LIENS:

1st  $  -N/A-_____
2nd  $_____
3rd _____
4th _____
Other:_____
Total Encumbrances: $_____

APPRAISAL of OPINION as to VALUE:
$

---

DEBTORS' CONTENTIONS:
The EXTENT and PRIORITY of LIENS:

1st _____
2nd _____
3rd _____
4th _____
Other: _____
Total Encumbrances: _____

APPRAISAL of OPINION as to VALUE:

---

TERMS of MOVANT'S CONTRACT
with the DEBTORS

Amount of Note: $ - N/A-_____
Interest Rate: _____
Duration:_____
Payment per Month: $_____
Date of Default:_____
Amount in Arrears: $_____
Date of Notice of Default:_____
SPECIAL CIRCUMSTANCES:

Movant acquired title pre-petition and Debtor's right to possession expired pre-petition.

SUBMITTED BY: Edgar C. Smith, Esq._____
SIGNATURE: /s/ Edgar C. Smith_____

---

DEBTOR'S OFFER of
"ADEQUATE PROTECTION" for MOVANT:

.
.
.
.
.
.
.
SPECIAL CIRCUMSTANCES:

SUBMITTED BY:_____
SIGNATURE: /s/ _____

1 | Edgar C. Smith, Esq.                                **E-FILED DECEMBER 2, 2010**
Nevada Bar No.  5506
2 | LAW OFFICE OF EDGAR C. SMITH
7371 Prairie Falcon Road
3 | Suite 120
Las Vegas, Nevada 89128
4 | Telephone: (702) 388-0040

5 | Attorney for Movant Apple Blossom Arbitrage, LLC

6

7 | UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

8 | ***

9

10

11 | In re:                                            Case No.:  10-30897-BAM
                                                      Chapter:   13
12 | JILL WHITTLE,
                                                      MOTION TO MODIFY OR TERMINATE THE
13 |         Debtor.                                   AUTOMATIC STAY UNDER 11 USC §362
                                                      TO PERMIT SECURED CREDITOR TO
14 | _____              RECOVER POSSESSION OF REAL
                                                      PROPERTY
15 | APPLE BLOSSOM ARBITRAGE, LLC.
                                                      Hearing Date: January 4, 2011
16 |                          Movant,                  Hearing Time: 1:30 p.m.

17 | -vs-

18 | JILL WHITTLE, KATHLEEN A. LEAVITT,
CHAPTER 13 TRUSTEE,
19
                             Respondents
20

21 |         COMES NOW, Movant Apple Blossom Arbitrage, LLC, by and through its legal counsel,

22 | Edgar C. Smith, Esq., and moves the court for an order permitting relief from the automatic stay under

23 | 11 USC §362(d)(1) and §362(d)(2) to allow them to proceed with a state court action to recover

24 | possession of the premises and property located at 646 Paloma Drive, Boulder City, Nevada 89005

25 | ("Subject Property") (A.P.N. #186-10-117-016) based upon movant obtaining title to the property at a

26 | non-judicial foreclosure sale.

27 |         This motion is based upon the accompanying notice, the memorandum of points and

28 | authorities attached hereto, the 362 information sheet attached hereto, such matters as may be

judicially noticed, and further evidence as presented at the hearing on this matter.

Dated: December 2, 2010                    LAW OFFICE OF EDGAR C. SMITH


By: /s/ Edgar C. Smith, Esq.
Edgar C. Smith, Esq.
State Bar No. 5506
7371 Prairie Falcon Road
Suite 120
Las Vegas, Nevada 89128
Attorney for Secured Creditor
Apple Blossom Arbitrage, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Apple Blossom Arbitrage, LLC ("Movant") request the court to terminate the automatic stay as to 646 Paloma Drive, Boulder City, Nevada 89005 (A.P.N. #186-10-117-016) to permit Movant to recover possession of these premises.  Movant acquired the property at a publicly noticed non-judicial foreclosure sale on July 21, 2010.  The Trustee's Deed Upon Sale was recorded July 23, 2010. (Exhibit A hereto)  Debtor has no equity in the property or even a right to possession of the premises and therefore cause exists to grant relief from the automatic stay to permit the Movant to recover possession.

### II.    FACT BACKGROUND

1.    Movant is the legal owner of the premises commonly known as 646 Paloma Drive, Boulder City, Nevada 89005 (A.P.N. #186-10-117-016) ("subject property") pursuant to a trustee's deed upon sale issued by Executive Trustee Services, Inc. on or about November 5, 2010, following a non-judicial foreclosure sale conducted on October 25, 2010.  The trustee's deed upon sale has been duly recorded in the official records of Clark County, Nevada on November 12, 2010 in Book 20101112 as instrument number 0005050.  A true and correct copy of the trustee's deed upon sale is attached to this motion as Exhibit A.

2.    Subsequent to the trustee's sale and issuance of the trustee's deed upon sale, Movant began the unlawful detainer process to recover possession of the premises against the Debtor.  Movant is informed and believes Debtor was personally served with the three day notice to quit and

-2-

notice to tenant occupying foreclosed property on November 23, 2010.  A copy of the notice and affidavit of service are attached as Exhibit B.

3.  Counsel for the Movant was contacted by counsel for the debtor to notify of the bankruptcy filed under the name Whittle.  The parties were unable to come to an agreement so as to avoid the necessity of this Motion.

4.  Movants has incurred $750.00 for attorney's fees and $150.00 for costs in bringing this motion.

## III.    ARGUMENT

**A.  DEBTOR HAS NO EQUITY IN THE SUBJECT PROPERTY AND THE PROPERTY IS NOT PART OF THE BANKRUPTCY ESTATE, SO RELIEF SHOULD BE GRANTED TO ALLOW MOVANT TO RECOVER POSSESSION.**

An interest in real property is perfected upon recordation of the deed.  *In re Walker*, 861 F.2d 597, 600 (9th Cir. 1998)   Movant obtained legal title in the subject property prior to commencement of this proceeding by virtue of the issuance of the trustee's deed upon sale.  See, N.R.S. 107.080, subsection 5. Movant perfected their interest by recordation of the trustee's deed.

State law determines whether Debtor has an interest in the subject property.  See. *In re Contractor's Equipment Supply Company,* 861 F.2d 241, 244 (9th Cir. 1998).  Nevada law does not permit Debtor an equity of redemption from a trustee's deed issued pursuant to a non-judicial foreclosure sale.  See, N.R.S. 107.080 subsection 5.  Instead, Nevada law permits Movant to evict Debtor following foreclosure and service of a 3 day notice.  See, N.R.S. § 40.255.  Accordingly, Movant holds legal title to the subject property, and Debtor has only bare possession, with no legal right to continue in possession of the subject property.

The automatic stay of section 362(a) protects only the debtor, property of the debtor, or property of the estate.  See, *In re Casqul of Nevada, Inc.*, 22 B.R. 65, 66 (9th Cir. BAP 1982).  This property is not the property of the Debtor or the property of the estate, and no purpose is served by protecting Debtor from being dispossessed of the property.

While Debtor has not commenced any adversary proceeding, the Debtor cannot maintain any claim because she cannot demonstrate that a bona fide purchaser of the subject property, as of the time of the

commencement of this case, would prevail against Movant.  See, *LR Partners LLC v. Steiner,* 251 B.R. 137, 140-141 (Bankr. Ariz. 2000).  While the Bankruptcy Code gives the trustee the status of a bona fide purchaser, it is state law that defines whether a bona fide purchaser could even exist. See, *Washburn & Roberts, Inc. v. Park East (In Re Washburn & Roberts)*, 795 F.2d 870,  872 (9th Cir. 1986).  No bona fide purchaser could exist in this case, as recordation of the notice of breach, notice of sale, and trustee's deed upon sale imparts notice to Debtor and others of Movant's interest in the property.   See, N.R.S. §§111.320, 247.190.

Debtor lacks the power to avoid the transfer of title under 11 U.S.C. §544(b) as a preference. See,  *In re Ehring,* 900 F.2d 184 (9th Cir. 1990)  (purchase of property by foreclosing creditor at non-collusive, non-judicial foreclosure sale for balance of debt is not avoidable as preference since creditor did not receive more than it would have received in liquidation).

"Cause" has been found to exist to grant the trustee the right to issue a trustee's deed following a pre-petition foreclosure sale." See, *In re Flowers,* 94 B.R. 3, 8 (Bankr. D.Col. 1988).  A purchaser is entitled to relief from the automatic stay to evict the debtor where the debtor is unable to cure the mortgage delinquency because the debtor's right to cure the mortgage delinquency was terminated by the sheriff's sale.  See, *In re Shields,* 148 B.R. 783 (Bankr. E.D. Pa. 1993).

The Debtor in this case has no legal or equitable right, title or interest in the subject property, so the Debtor has no equity in the property.

///
///
///
///
///
///
///
///
///
///

1        Wherefore, Movant prays for an order as follows:

2        A.  That Movant be granted relief from the automatic stay to permit Movant, their successors and

3    assigns, to pursue the state law remedies afforded them to recover possession of the subject property;

4        B. For costs and attorney's fees in the amount of $900.00;

5        C.  For an Order that Bankruptcy Rule 4001(a)(3) is waived, and that the Order shall take

6    immediate effect upon signature by the Court.

7    Dated: December 2, 2010                 LAW OFFICE OF EDGAR C. SMITH

8

9              By: */s/ Edgar C. Smith, Esq.*_____

10                 Edgar C. Smith, Esq.
                   State Bar No. 5506

11                 7371 Prairie Falcon Road
                   Suite 120

12                 Las Vegas, Nevada 89128
                   Attorney for Secured Creditor

13                 Apple Blossom Arbitrage, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28